## SCHNEEKLOTH v. CROWN SILK MFG. CO.

(Supreme Court, Appellate Term.   December 22, 1909.)

PAYMENT (§ 71*)—PAROL EVIDENCE EXPLAINING WRITTEN CONTRACT.

Plaintiff was employed as salesman on commission.   Defendant was to advance him a certain sum per week for expenses.   Thereafter plaintiff entered into a partnership with a third party, and under the new arrangement defendant employed the partnership as a salesman.   Under the original agreement the traveling and other expenses were to be paid by plaintiff; defendant agreeing to advance money for such expenses up to a certain sum, to be charged to and paid by plaintiff.   Defendant at the trial offered to prove a contract between him and plaintiff, after the first contract, whereby defendant was to pay plaintiff a certain sum each week, and of which plaintiff was to apply half to the payment of the indebted-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ness due by plaintiff prior to the contract with him and his partner. and the balance to be used by the partnership. *Held*, that this subsequent agreement was admissible in evidence to show the intent of the parties in making such weekly payment.

[Ed. Note.—For other cases, see Payment, Cent. Dig. § 219; Dec. Dig. § 71.*]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Otto Schneekloth against Crown Silk Manufacturing Company. From a Municipal Court judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, GOFF, and LEHMAN, JJ.

Putney, Twombly & Putney (Henry B. Twombley and Louis H. Hall, of counsel), for appellant.

A. M. Simon (Julius J. Michael, of counsel), for respondent.

LEHMAN, J. The plaintiff sues upon an alleged account stated for services rendered in April and May, 1908, as defendant's salesman. The defendant's answer is a general denial and a plea of payment. At the trial it appeared that the plaintiff was employed to sell the defendant's goods on a 6 per cent. commission basis, settlement every three months, and that the defendant was to advance him $25 per week; that early in June the plaintiff formed a partnership with one Frank Strauch, and that a new agreement was then made, whereby the defendant employed the partnership as its salesman. About the time when the new agreement was made, the plaintiff received a statement from the defendant covering the months prior to June 1st, and the plaintiff relies upon this statement to show the account stated. This statement shows sales made by the plaintiff, aggregating $12,-876.93; and in another column the amount paid on the sales is indicated as $3,825.55. It then calculates the commissions on the sales at $772.62, shows the amount of advances as $350, and the balance due as $422.62.

The defendant claims, and I think that upon the plaintiff's admissions there can be no reasonable doubt, that the plaintiff was to receive 6 per cent. only upon sales that were paid for, and that, therefore, in the absence of proof that the goods were paid for, the plaintiff has failed to show a cause of action. But, even though the defendant is technically correct in its contention that the plaintiff has not actually shown an account stated, its attorney has conceded on the record that the "plaintiff sold goods during the months of April and May, and up to the making of the contract with himself and Strauch, the commissions on which, when the goods were paid for by the purchasers, would amount to $772.62"; and I think that, since the goods were paid for, we might well, under the authority conferred upon us by section 326 of the Municipal Court act (Laws 1902, p. 1583, c. 580), affirm this judgment according to the justice of the case, without regard to this alleged technical error, if the defendant had not been prevented by erroneous exclusion of evidence from showing its defense of payment.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It appears that in the contract made between the defendant, Strauch, and the plaintiff about June 1st, Strauch and the plaintiff, as parties of the first part, "agreed" to pay out of commissions and profits all of their traveling expenses and all other expenses of selling the goods of the defendant; and the defendant, as party of the second part, agreed to advance money to the said party of the first part for traveling expenses and the expenses of selling the said goods "up to the sum of $100 per week, all of which advances shall be charged up against and paid by said party of the first part, as aforesaid." The defendant at the trial offered to prove a contract between the defendant, Strauch, and the plaintiff, made orally, after the written contract was complete; whereby it was agreed that the defendant should pay to the plaintiff individually a check for $100 each week, of which plaintiff was to apply $50 to the payment of the indebtedness up to June 1, 1908, and the other $50 was to be used by the partnership under the contract of June 1, 1908. The exclusion of this proof was erroneous. While the defendant's alleged agreement to pay the debt owing to plaintiff in weekly installments would constitute no valid consideration for any modification of the contract of June 1, 1908, and even after the new oral agreement the defendant was still under obligation to advance $100 per week to the partnership for expenses, yet this subsequent agreement was admissible for the purpose of showing the intent of the parties in the payment and receipt of each check to plaintiff's order for $100 weekly. If this subsequent agreement was acted upon, then the plaintiff has received each week $50, for which, certainly, neither he nor his partner are accountable under the terms of the contract of June 1, 1908, but which constituted a payment of the debt sued for here; and this is true, regardless of the question whether or not they might have called upon the defendant for a further payment under the contract each week. The alleged oral contract, whether valid or void, has been, according to the testimony offered by the defendant, acted upon, and the plaintiff's debt has been thereby fully paid.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.